UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GABRIEL RAMIREZ CARACOSA,<br><br>                   Petitioner,<br>v.<br><br>KRISTI NOEM, Secretary of Department of Homeland Security, et al.,<br><br>                   Respondents. | Case No.:  25cv3446-LL-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

      Pending before the Court is Petitioner Juan Gabriel Ramirez Caracosa's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** an individualized bond hearing for Petitioner.

**I.    BACKGROUND**

      Petitioner is a citizen of Mexico who came to America in 2006 without authorization. ECF No. 1 ("Ramirez Caracosa Decl.") ¶¶ 1–2. He has worked for the same employer in construction for the past 15 years, and he has no criminal history. *Id*. ¶¶ 9, 15. On July 1, 2025, he was pulling out of the driveway of a house he was working on when DHS detained him. *Id*. ¶ 10. He has remained detained ever since. *Id*. ¶ 11. This is because an immigration

judge denied his request to be released on bond, reasoning that he lacked jurisdiction to consider it due to DHS charging Petitioner as an alien under § 1225(b)(2) as opposed to § 1226(a). ECF No. 1, at 28. The former mandating detention, the latter permitting release on bond when it is determined that the alien is not a danger to others or a flight risk and the like. Petitioner argues that DHS's classification of him and the IJ's ruling based on that misclassification was wrong. *See generally* ECF No. 1 ("Pet."). Thus, on December 5, 2025, he petitioned this Court to be reclassified as an alien eligible for a bond hearing under § 1226(a). *Id*. Finding this to be dispositive, the Court declines to rule on the other claims.

## II. DISCUSSION

### A. Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Had Petitioner sought to challenge the Government's decision to execute any removal order, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests the Government's purported legal authority to subject him to mandatory detention under § 1225(b)(2), so the Court has jurisdiction to weigh in. *See Ibarra-Perez v. United States*, 154 F.4th 989, 998 (9th Cir. 2025) (noting that courts often have "jurisdiction" to hear a claim "premised on a lack of legal authority"); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *2 (S.D. Cal. Nov. 4, 2025) (finding that § 1252(g) does not strip us of jurisdiction to hear a petitioner's claim premised on "a lack of legal authority to subject [him] to mandatory detention under 8 U.S.C. § 1225(b)(2) during [removal] proceedings").

Nor does 8 U.S.C. § 1252(b)(9) strip this Court of jurisdiction. This statute "bars review of claims arising from actions or proceedings brought to remove an alien," that is

"an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation marks, alterations, and ellipses omitted). It does not bar claims that are merely "collateral" to the removal process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Like here, such collaterality includes claims predicated on "a lack of legal authority to subject [petitioners] to mandatory detention under § 1225[b][2] instead of detention with a bond hearing under § 1226(a)." *Beltran*, 2025 WL 3078837, at *3.

### B.  Merits

The Government has now acknowledged that: "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The *Bautista* court has entered final judgement as to the Bond Eligible Class. *Bautista*, ECF No. 94. Accordingly, Respondents acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and are entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 7. The Court agrees.

### III.  CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DENIES AS MOOT** all other motions. By **January 12, 2026**, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), during which they shall not deny him bond based on 8 U.S.C. § 1225(b)(2)'s mandatory-detention requirement; it does not apply here. Petitioner's requests for attorney fees and costs is denied without prejudice. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  January 5, 2026

Honorable Linda Lopez
United States District Judge